Rocco CATENA, on behalf of himself and
all others similarly situated,
Plaintiff-Appellant,

v.

CAPITOL INDUSTRIES, INC., a New
York Corporation, et al.,
Defendants-Appellees.

No. 74–2555.

United States Court of Appeals,
Ninth Circuit.

Oct. 7, 1976.

Edith S. Newman (argued), Arleta, Cal., David B. Gold (argued), San Francisco, Cal., for plaintiff-appellant.

Peter K. Shack (argued), Los Angeles, Cal., James H. Schropp, Atty. (argued), Securities & Exchange Commission, Washington, D. C., for defendants-appellees.

Before DUNIWAY and ELY, Circuit Judges, and SOLOMON,* District Judge.

DUNIWAY, Circuit Judge:

Catena appeals from an order of the district court prescribing the form of the notice to be sent to all members of the plaintiff class. We conclude that the order is not appealable and dismiss the appeal.

Catena brought the underlying action on behalf of himself and all others who purchased Capitol Industries stock between June, 1969 and December, 1971. He alleged

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

that Capitol, its officers and directors, and its parent corporation, EMI, Ltd., fraudulently manipulated the company's reserve accounts in order to inflate its reported earnings, and in so doing violated the Securities and Exchange Act of 1934 and Rule 10(b)(5) of the Securities and Exchange Commission. He further alleged that this manipulation induced investors to buy stock in Capitol which fell in price from $56.00 per share to $6.00 per share between June, 1969, and December, 1971, resulting in a $40 million loss to the minority shareholders.

The district court provisionally certified the action as a class action under F.R.Civ.P. 23(a) and (b)(3). It ordered that the notice sent to class members include a demand for information concerning individual losses sustained by each shareholder and a provision that anyone failing to provide such information, but not "opting out" of the class within a specified time, would be bound by the judgment but would not be permitted to recover damages should defendants be found liable. After much haggling over the contents of the notice, and after numerous requests by Catena to lift the requirement of the "affirmative action" clause were denied, the court entered its order on August 12, 1974. This appeal was filed immediately thereafter, stay pending appeal was denied, and the notice was sent out in September and November of 1974. Catena argues that the "affirmative action" requirement violates class members' rights to due process of law and exceeds the authority conferred on the court by F.R.Civ.P. Rule 23(c)(2).

The district court declined to certify the question for an interlocutory appeal under 28 U.S.C. § 1292(b). Appellees have moved to dismiss the appeal, and that motion was submitted to us when we heard the appeal.

■ Courts of appeals have jurisdiction over appeals from "all final decisions" of the district courts under 28 U.S.C. § 1291. This jurisdiction has been held to include certain collateral orders even though the

action has not been concluded by a final judgment, e. g., *Cohen v. Beneficial Industrial Loan Corp.*, 1949, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528, but these exceptions are narrowly drawn. *Cohen* requires an interlocutory or collateral order to pass three tests to qualify as a "final decision": (1) the order must be "separable from, and collateral to" the merits of the action; (2) the order must present a "serious and unsettled question"; and (3) immediate review must be necessary to avoid irreparable harm to appellant's rights. *Id. See 9 Moore's Federal Practice* ¶ 110.10, p. 133 (2d ed. 1975). An order not meeting these criteria is not appealable as a final order, and can be reviewed on appeal from the final judgment. *See Weingartner v. Union Oil Co.*, 9 Cir., 1970, 431 F.2d 26.

■ While the order appealed from in this case is collateral to the merits and while it presents a serious and unsettled question, we do not find that delaying review would cause irreparable harm to any rights involved. The clause in the notice to class members requiring that information be supplied in order to qualify to collect damages does not put anyone in a position which cannot be corrected on appeal after the final judgment. The same is true of those shareholders who failed to send the information but did not opt out of the class. They have not yet been finally denied any damage claim, and the district court may change its mind and award them damages despite the notice warning. If plaintiffs are successful on the liability issue, and the court renders a judgment, and if the court adheres to the policy of denying recovery to those shareholders, an appeal may be taken at that point. If this court then agrees with Catena that the affirmative action requirement is invalid, the damage award can be expanded to include those who had been denied recovery because of it. Thus, delaying this appeal until after final judgment will cause irreparable harm to no one,[1] and

---

1. Catena argues that leaving the resolution of whether the affirmative action requirement is valid until after final judgment does cause irreparable harm to the settlement process by creating uncertainty over what defendants' potential damage liability might be. Had this

the fact that the trial on the merits was nearing a close on the date when this appeal was orally argued amply demonstrates that the "death knell" doctrine of *Eisen v. Carlisle & Jacquelin*, 1974, 417 U.S. 156, 169–72, 94 S.Ct. 2140, 40 L.Ed.2d 732, has no application here. We are most reluctant to treat the court's order as final because disagreements about the form and content of class action notices can arise in every class action case. Such disagreements should not be permitted to produce a proliferation of appeals.

The appeal is dismissed.

appeal come before us long before trial, Catena's argument might possibly have had merit, but here the trial on the merits was substantially completed when this appeal was orally argued. Thus, whatever harm, if any, that the affirmative action clause may have done to the settlement process in this case cannot be corrected any better by our deciding this appeal now than by waiting until an appealable judgment is entered.